IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Clayton Howard Tisdale, # 278610, ) | C/A No. 0:09-0403-HFF-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| South Carolina Highway Patrol; ) | |
| R. D. Trevathon, the arrested [*sic*] officer, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This civil rights matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate at the Lee Correctional Institution of the South Carolina Department of Corrections ("SCDC"), and files this action *in forma pauperis* under 28 U.S.C. § 1915. Plaintiff seeks damages against the South Carolina Highway Patrol and an officer for the South Carolina Highway Patrol as a result of his conviction for felony charges of Driving Under the Influence ("DUI"). Plaintiff also seeks release from prison. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed as frivolous and because it seeks monetary relief against defendants who are immune from suit for damages, and that this action should be counted as a "strike" for purposes of the application of 28 U.S.C. § 1915(g) in future filings by Plaintiff.

Information on the South Carolina Department of Corrections website (www.doc.sc.gov) reveals that Plaintiff was convicted in the state court of general sessions

PJG

of felony DUI resulting in death, and was sentenced to fifteen years in prison.  The website further indicates that Plaintiff's sentence "start" date was September 22, 2000.[1]

## *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents:  Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact."  Denton, 504 U.S. at 31.  Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

---

[1]Plaintiff apparently received a year of credit for his pre-sentence incarceration.



of felony DUI resulting in death, and was sentenced to fifteen years in prison. The website further indicates that Plaintiff's sentence "start" date was September 22, 2000.[1]

## *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

---

[1]Plaintiff apparently received a year of credit for his pre-sentence incarceration.



## DISCUSSION

Because Plaintiff is challenging his conviction and sentence for felony DUI, this case is subject to summary dismissal because a right of action has not yet accrued. See Heck v. Humphrey, 512 U.S. 477 (1994). The Heck Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck, 512 U.S. at 486-87 (footnote omitted). Until Plaintiff's conviction or sentence is set aside, any civil rights action based on the conviction, sentence, direct appeal, and related matters will be barred under Heck.

Moreover, the South Carolina Highway Patrol is immune from suit under the Eleventh Amendment, which prohibits this court from entertaining a suit brought against the State of South Carolina or its integral parts, such as a state agency or department. See, e.g., Fed. Mar. Comm'n v. S.C. State Ports Auth., 535 U.S. 743 (2002); Bd. of Trustees of University of Alabama v. Garrett, 531 U.S. 356 (2001); Kimel v. Florida Bd. of Regents, 528 U.S. 62 (2000); Simmons v. S.C. State Highway Dep't, 195 F. Supp. 516, 517 (E.D.S.C. 1961). Similarly, any claim against Officer Trevathon in his official capacity is barred by the Eleventh Amendment. See Gulledge v. Smart, 691 F. Supp. 947, 954-55



(D.S.C.1988) (concluding that sheriffs and deputy sheriffs are agents of the state and cannot be sued in their official capacities).

In Part V of the Complaint, Plaintiff seeks $250,000 for mental stress. (Compl., Docket Entry 1 at 5.) The plaintiff is not entitled to compensatory damages for mental stress under federal law in the absence of physical injury, which he has not alleged. See 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.").

Plaintiff also seeks $250,000 for "defamation of character and slander of the Plaintiff name." (Compl., Docket Entry 1 at 5.) However, an alleged act of defamation of character or injury to reputation is not actionable under 42 U.S.C. § 1983. Paul v. Davis, 424 U.S. 693, 697-10 & nn.3-4 (1976). Moreover, under longstanding South Carolina case law, contents of governmental records—such as judicial proceedings, case reports, published cases, investigative reports, or arrest records—do not give rise to liability for slander or libel. See Padgett v. Sun News, 292 S.E.2d 30, 32-33 (S.C. 1982); Heyward v. Cuthbert, 15 S.C.L. (4 McCord) 354, 356-59 (1827). Furthermore, civil rights statutes, such as 42 U.S.C. § 1983, do not impose liability for violations of duties of care arising under a state's tort law. DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 200-03 (1989).

Finally, although Plaintiff also seeks his release and expungement of his criminal conviction, release from prison is not available in this civil rights action. See Heck, 512 U.S. at 481 (stating that "habeas corpus is the exclusive remedy for a state prisoner who



challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983 ").

Plaintiff's claims in this matter have been addressed in three prior civil actions in this court. See Tisdale v. Conway Hosp., et al., C/A No. 9:05-1912-GRA-GCK; Tisdale v. Admin'r of Loris Cmty. Hosp., et al., C/A No. 9:06-0138-GRA-GCK; Tisdale v. Admin'r of Loris Cmty. Hosp., et al., C/A No. 9:06-0904-GRA-GCK (all raising similar allegations to those raised in the above-captioned case).[2] In a Report and Recommendation filed on July 12, 2005 in Tisdale v. Conway Hospital, et al., Civil Action No. 9:05-1912-GRA-GCK, the Honorable George C. Kosko, United States Magistrate Judge, recommended summary dismissal of the complaint. The plaintiff was apprised of his right to file timely written objections to the Report and Recommendation and of the serious consequences of a failure to do so. No objections were filed. On August 10, 2005, the Honorable G. Ross Anderson, Jr., United States District Judge, adopted the Report and Recommendation. Plaintiff unsuccessfully appealed. Tisdale v. Conway Hosp., et al., No. 05-7423, 169 Fed. Appx. 765 (4th Cir. March 2, 2006) (unpublished) (affirming the judgment in Civil Action No. 9:05-1912-GRA-GCK because the plaintiff had not filed objections to the Report and Recommendation).

Moreover, in a Report and Recommendation filed on January 23, 2006 in Tisdale v. Administrator of Loris Community Hospital, et al., Civil Action No. 9:06-0138-GRA-GCK, Magistrate Judge Kosko recommended summary dismissal of the complaint, and also

---

[2]The court is taking judicial notice of the records from these prior cases. Aloe Creme Labs., Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970) (noting that the District Court clearly had the right to take notice of its own files and records).



recommended that the case be deemed a "strike" for purposes of the "three strikes" rule of 28 U.S.C. § 1915(g). The plaintiff was apprised of his right to file timely written objections to the Report and Recommendation and of the serious consequences of a failure to do so. No objections were filed. On February 13, 2006, the Honorable G. Ross Anderson, Jr., United States District Judge, adopted the Report and Recommendation. Plaintiff did not appeal.

In a Report and Recommendation filed on March 27, 2006 in <u>Tisdale v. Administrator of Loris Community Hospital, et al.</u>, Civil Action No. 9:06-0904-GRA-GCK, Magistrate Judge Kosko apprised the plaintiff of his need to exhaust state remedies before filing a habeas corpus action, recommended summary dismissal of the complaint, and recommended that the case be deemed a "strike" under the Prison Litigation Reform Act. The plaintiff was apprised of his right to file timely written objections to the Report and Recommendation and of the serious consequences of a failure to do so. No objections were filed. On April 17, 2006, Judge Anderson adopted the Report and Recommendation. Plaintiff did not appeal.

The above-captioned case is subject to summary dismissal for the same reasons that the three aforementioned cases were subject to summary dismissal. See <u>Aloe Creme Labs.</u>, 425 F.2d at 1296 ("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient."). Plaintiff, having been advised of the procedural defects of his "civil rights" claims, which have been summarily dismissed on three occasions, has continued to file § 1983 claims in this court. In fact, in Civil Action Numbers 9:06-00138-GRA-GCK and 9:06-00904-GRA-GCK, Plaintiff made the same allegations as those raised in the instant

case against the same Defendants he seeks to sue here. Because Plaintiff continues to file duplicative claims despite three prior summary dismissals, the court recommends that he be assessed a third strike for purposes of the application of 28 U.S.C. § 1915(g) in future filings by Plaintiff.

## RECOMMENDATION

Accordingly, the court recommends that the Complaint in this matter be dismissed without prejudice and without issuance and service of process. See Denton, 504 U.S. 25; Neitzke, 490 U.S. at 324-25; Haines, 404 U.S. 519; Brown v. Briscoe, 998 F.2d 201, 202-04 (4th Cir. 1993); 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). Since the South Carolina Highway Patrol is immune from suit and the plaintiff seeks damages from it, this case is encompassed by 28 U.S.C. § 1915A(b)(2). Further, the court recommends that the above-captioned case be deemed a "strike" for purposes of the "three strikes" rule of 28 U.S.C. § 1915(g).

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

March 25, 2009
Columbia, South Carolina

*The plaintiff's attention is directed to the Notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  <u>Diamond v. Colonial Life & Acc. Ins. Co.</u>, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985).